UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Jeri Ording,  Civ. No. 11-2296 (MJD/LIB)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Carolyn W. Colvin,
Commissioner of the Social Security
Administration,

    Defendant.

---

Jeri Ording (Plaintiff) requests attorney fees pursuant to the Equal Access to Justice Act from the Commissioner of Social Security (Commissioner). The matter was referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Plaintiff's motion for attorney fees be **GRANTED**.

## I. BACKGROUND

The Court adopts the factual background set forth in detail in the Report and Recommendation issued on June 2, 2011. (See Report and Recommendation [Docket No. 17]). Plaintiff filed applications for disability insurance benefits and social security income on November 8, 2008. Upon the denial of her applications, Plaintiff requested a hearing before an administrative law judge ("ALJ"), who issued an unfavorable decision on December 3, 2010. The Appeals Council denied review. Plaintiff initiated this action on August 10, 2011.

In the Report and Recommendation, the undersigned recommended that the Plaintiff's Motion for Summary Judgment be granted in part and that this action be remanded. The

1

Honorable Michael J. Davis overruled the Government's objections and adopted the Report and Recommendation. (See Order [Docket No. 21]). Subsequently, on December 8, 2012, Plaintiff brought the present motion seeking attorney's fees under the Equal Access to Justice Act (EAJA). (See Docket No. 23).

## II. STANDARD OF REVIEW

Under the EAJA, district courts have the authority to award costs and attorney fees to a prevailing plaintiff in an appeal from a denial of disability benefits by the Commissioner. The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In order to obtain an award pursuant to the EAJA, a party

> shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff bears the burden of establishing that it was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989). Once a plaintiff establishes that she was a prevailing party, the burden shifts to the Government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). The

Government must show that its "position was substantially justified at both the administrative and litigation levels."  Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988).

**III.   DISCUSSION**

The Government does not dispute that Plaintiff is a prevailing party, as this Court has remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g).  (See Order [Docket No. 21] at 2); see also Shalala v. Shaefer, 509 U.S. 292, 302 (1993); Johnson v. Astrue, No. 10-4676, 2012 WL 1593225, at *1 (D. Minn. May 7, 2012) ("The Supreme Court has recognized that a social-security plaintiff who obtains a 'sentence-four' remand, as here, is a prevailing party under the EAJA.").  Therefore, the Government must demonstrate that its position was substantial justified.

**A.  The Government's position was not substantially justified**

"[F]ees are not to be awarded just because the Secretary lost the case."  Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1987) (citing Jackson v. Bowen, 807 F.2d 127, 128-29 (8th Cir. 1986)).  "A substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'"  Bah, 548 F.3d at 683-84 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)).  Because the substantial justification standard is more lenient, "[t]he Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole."  Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (citing Brouwers, 823 F.2d at 275).

The Government offers two arguments for why its position was substantially justified: 1) the Court "accepted only one of Plaintiff's arguments and adopted numerous other arguments set forth by the [Government]"; and 2) the Government's position was reasonable, as the "ALJ did

not fail to follow well-established rulings, regulations, or case law." (Def.'s Resp. to Pl.'s Appl. for Att'y's Fees [Docket No. 27] at 3-4).

The first argument has been explicitly rejected by this Court numerous times. "The fact that the government may have prevailed upon most of the issues raised by plaintiff does not mean that the government's position was 'substantially justified' if the government's position was unreasonable as to the issue which required a remand of the decision to deny benefits." Meyer v. Astrue, No. 09-3205 (MJD/LIB), 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011) (quoting Wait v. Astrue, 495 F. Supp.2d 1131, 1133 (D. Kan. 2007)); Halverson v. Astrue, No. 08-784 (JNE/SRN), 2009 WL 2256380, at *4 (D. Minn. Jul. 28, 2009) (citing Hackett v. Barnhart, 475 F.3d 1166, 1174 n. 1 (10th Cir. 2007)); Rodgers v. Astrue, No. 09-1214 (DWF/SER), 2011 WL 721528, at *3 (D. Minn. Feb. 3, 2011).

The second argument is also unavailing. The Court will not reiterate in detail its analysis of the ALJ's decision, as that would be duplicative. The basis of the remand, however, was that the ALJ improperly discounted the medical opinions of Plaintiff's treating physician without providing sufficient reasons. Indeed, the Court explained that "[t]he absence of any specific reasoning or citation to the record prevents the Court from meaningfully evaluating whether the ALJ acted properly when he discounted the opinion of Dr. Sivak." (Report and Recommendation at 28). As more fully explained in the Report and Recommendation, this was particularly improper in this case because if the treating physician's ratings and medical opinion are adopted, as explained by the vocational expert and conceded by both parties, a finding of disability would be appropriate. (Id.)

The requirement that the ALJ provide good reasons for discounting a treating physician's opinion when weighing the various medical opinions is not an unresolved legal question, nor is it

a new development in the law. The regulations specifically require it: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(c)(2); Giving Controlling Weight To Treating Source Medical Opinions, 61 Fed. Reg. 34,490-01 (Jul. 2, 1996) ("Paragraph [c](2) of 20 CFR 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s). Therefore: . . . the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). Case law within the Eighth Circuit requires the same: "Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting." Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001); Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) ("[W]hether the ALJ grants a treating physician's opinion substantial or little weight, the regulations also provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation."); see also Upchurch ex rel. Q.T. v. Astrue, 2008 WL 4104537, at *17 (E.D. Mo. Aug. 29, 2008) (holding that the ALJ erred by according little weight to the treating physicians' opinions that Plaintiff had marked limitations in three areas and instead relying on "non-examining consultative examiners and his own interpretation of the medical evidence").

Because the ALJ "failed to follow well-established social security rulings, regulations, and case law," the Court finds that the Government's position is not substantially justified.

Halverson, 2009 WL 2256380, at *4; Rodgers, 2011 WL 721528, at *4; see also Lightfoot v. Astrue, 2012 WL 1109990, at *3-4 (N.D. Ohio Mar. 31, 2012) (finding that the government's position was not substantially justified when "the ALJ's analysis [was] completely devoid of any good reason for failing to properly evaluate and consider" the plaintiff's treating psychiatrist's opinion, as required under the social security regulations, and prevented "meaningful review" by the court).

**B. The amount of fees requested is reasonable**

The Government does not challenge either the amount of hours requested or the hourly rate of $170.00 per hour requested by Plaintiff. Generally, attorney fees may not exceed the rate "of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court has previously found that the increase in the cost of living based on the Consumer Price Index and an attorney's higher customary rate justifies an hourly rate of $170.00 or more. See Meyer, 2011 WL 4036398, at *3 (finding an hourly rate of $172.50 proper); Rodgers, 2011 WL 721528, at *4; Johnson, 2012 WL 1593225, at *2. Similarly, the Court here finds that the requested $170.00 hourly rate is reasonable. Furthermore, the Court finds that the 28.7[1] hours spent on the case by Plaintiff's attorney, as itemized, (see Docket No. 24, Ex. 1), are a reasonable amount of time. Consequently, the Court recommends an award of $4,879.00 in attorney's fees be awarded to the Plaintiff.

---

[1] 2.3 of the hours are from the time spent on Plaintiff's reply to this motion. (See Reply to Def.'s Resp. [Docket No. 28] at 1). This time can be taken into account for the EAJA award. See Kelly v. Brown, 862 F.2d 1333, 1334 (8th Cir. 1988) (holding that "the reasonable attorney's fee that an attorney is entitled to recover under the EAJA should include the reasonable time spent by counsel preparing the EAJA fee application"); Lorence v. Astrue, No. 09-473 (DWF/SRN), 2010 WL 1544287, at *4 (D. Minn. Apr. 12, 2010) (awarding 2.1 hours for time spent on a reply brief regarding attorney's fees under the EAJA).

### C. The award of attorney's fees should be paid to Plaintiff's counsel subject to a potential offset

The Government argues that "the awarded fees should be paid to Plaintiff, not her attorney, as the award is subject to a federal administrative offset in the event that she has outstanding federal debts." (Def.'s Resp. to Pl.'s Appl. for Att'y's Fees at 5) (citing Astrue v. Ratliff, --- U.S. ----, 130 S. Ct. 2521, 2526-27 (2010)).

Prior decisions in this District have not been entirely uniform in addressing the issue. See McGrath v. Astrue, No. 10-4192 (ADM/SER), 2012 WL 4898276, at *4-5 (D. Minn. Oct. 1, 2012) (collecting cases within this District and noting that there appeared to be "no clear consensus"), adopted by 2012 WL 4903288, at *1 (D. Minn. Oct. 16, 2012). Likewise, other courts within the Eighth Circuit have reached different conclusions. Compare Flowers v. Astrue, 2010 WL 4876748, at *2 (W.D. Ark. Nov. 23, 2010) (holding that under Ratliff the fees must be paid to the litigant but that "if Plaintiff has executed an assignment to Plaintiff's counsel of all rights in an attorney fee award, and if Plaintiff owes no outstanding debt to the federal government, the attorney fee award may be paid directly to Plaintiff's attorney"); Sahs v. Astrue, 832 F. Supp.2d 1066, 1069-70 (D. Neb. 2011) (agreeing with this Court's holding in Meyer); Gors v. Colvin, 2013 WL 960230, at *3 (D. S.D. Mar. 12, 2013) ("Post-*Ratliff* the approach of most courts has been to honor such fee assignments in the absence of the litigant's pre-existing debt to the United States."); Johnson v. Astrue, 2011 WL 4458850, at *10 (D. S.D. Sept. 23, 2011) (reconsidering the court's prior decision in Rathke v. Astrue, 2010 WL 3363380, at *3 (D. S.D. Aug. 23, 2010) and holding that "[p]aying the fee award, minus any offset, directly to [the plaintiff's] attorney, in accordance with [the plaintiff's] intent, is not inconsistent with *Ratliff*."); Dean v. Astrue, 2012 WL 3334534, at *1 (N.D. Ia. Aug. 13, 2012) ("[T]he Government may

make direct payment to . . . Plaintiff's counsel, as long as Plaintiff's award is not subject to offset to satisfy a pre-existing debt Plaintiff owed the government and Plaintiff has assigned her right to receive attorneys fees to [her attorney]."), with Tracy v. Colvin, 2013 WL 1213125, at *2 (N.D. Ia. Mar. 25, 2013) (finding that the fees should be paid to the plaintiff even if the plaintiff has executed an assignment); Wilson v. Astrue, 2011 WL 6945163, at *1 (E.D. Mo. Dec. 30, 2011) ("The Court . . . believes that the better practice is to follow the Supreme Court's directive in *Ratliff* that under the EAJA, an award of attorney's fees be made to the 'prevailing party.'"); Rathke v. Astrue, 2010 WL 3363380, at *3 (D. S.D. Aug. 23, 2010) (holding that the award should be paid directly to the plaintiff despite a preexisting fee arrangement between the plaintiff and her attorney).

In McGrath, Magistrate Judge Steven E. Rau analyzed the history and purpose of the Anti-Assignment Act and concluded that although "EAJA awards must be paid to the 'prevailing party,'" . . . [i]t does not follow that the prevailing party has no right to contract with [her] attorney regarding payment for representation." 2012 WL 4898276, at *7. On this basis, Magistrate Judge Rau found that directing the award be paid directly to the plaintiff's attorney, subject to any federal administrative offset, is in no way inconsistent with the holding in Ratliff. Id. The undersigned agrees with Magistrate Judge Rau's sound reasoning, which appears to be in accord with other decisions from this Court. See, e.g., Meyer, 2011 WL 4036398, at *3; Dornbusch v. Astrue, No. 09-1734 (PJS/JJG), 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011).

Therefore, the undersigned recommends that the Court "allow the government a sixty-day period to determine whether any portion of [Plaintiff's] EAJA fee award is subject to offset and to remit the balance due after any appropriate offset is applied." Dornbusch, 2011 WL 779781, at *1; McGrath, 2012 WL 4898276, at *4-7.

8

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Motion for Attorney Fees [Docket No. 23] be **GRANTED**;

2) Plaintiff be awarded a total of $4,879.00 in reasonable attorney's fees, subject to offset by any preexisting debt that Plaintiff owes to the United States; and

3) Pursuant to the assignment of the EAJA fee award signed by Plaintiff and filed with this Court [Docket No. 23], the Commissioner be directed to pay the above-awarded fees, minus any applicable offset, directly to Lionel H. Peabody.


Dated: April 29, 2013                                              s/Leo I. Brisbois
                                                                   LEO I. BRISBOIS
                                                                   United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 13, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.